UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

KIEMA RICHARDS,

                                                        Plaintiff,      COMPLAINT AND
                                                                          JURY DEMAND

-against-



08 CASE 1858

IRIZARRY, J.

POHORELSKY, M.J.

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, INSPECTOR THOMAS J.
HARRIS, MICHAEL B. BURKE SHIELD NO. 10389,
POLICE OFFICER BRIAN F. REILLY SHIELD NO.
5841, POLICE OFFICER VALERY PAULBLANC
SHIELD NO. 21779, POLICE OFFICERS JOHN DOE
##1-2,

                                                        Defendants.

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 7 2008 ★

BROOKLYN OFFICE

------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a July 23, 2005 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, assault, battery, false arrest and false imprisonment.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and

Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff, at all times here relevant, resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("Kelly") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. Kelly is sued in his individual and official capacities.

10. Commanding Officer Inspector Thomas J. Harris ("Harris") was at all times here relevant the commanding officer of the 70th Precinct, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants. Harris is sued in his individual and official capacities.

11. All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and

2

State of New York.

## NOTICE OF CLAIM

13. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

14. On July 24, 2005, at approximately 11:45 P.M., plaintiff was at 2123 Ablemarle Road, Brooklyn, NY visiting a friend.

15. The friend and the friend's mother got into an argument. The friend's mother dialed 911.

16. After defendant police officers arrived at the location, they falsely arrested plaintiff and subjected her to excessive force, causing injury.

17. Plaintiff was unjustly incarcerated for nearly 48 hours.

18. Plaintiff was denied needed medical attention by defendants while she was in their custody.

19. Plaintiff was also subjected to a malicious prosecution. All charges against her were dismissed.

20. Plaintiff was arrested and prosecuted without probable cause. She did not consent to her confinement and was conscious of her confinement at all times.

21. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They

failed to intervene in the obviously illegal actions of their fellow officers against Plaintiff.

22. During all of the events above described, defendants acted maliciously and with intent to injure Plaintiff.

## DAMAGES

23. As a direct and proximate result of the acts of defendants, Plaintiff suffered the following injuries and damages:

   a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

   b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

   c. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

   d. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

   e. Physical pain and suffering;

   f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of income;

   g. Loss of liberty; and

   h. Attorney's and court fees.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

24. The above paragraphs are here incorporated by reference.

25. Defendants acted under color of law and conspired to deprive plaintiff of his civil,

constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York State Constitution.

26. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### (MUNICIPAL AND SUPERVISORY LIABILITY)

27. The above paragraphs are here incorporated by reference.

28. The City, Kelly, and Harris are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

29. The City, Kelly, and Harris knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

30. The aforesaid event was not an isolated incident. The City, Kelly, and Harris have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on how to avoid the use of excessive force and on what is required to constitute probable cause for an arrest. The City, Kelly, and Harris are further aware, from the same sources, that NYPD officers routinely ignore the necessary predicates use of force and arrest, and that a "wall of silence" exists by which police officers assault citizens without fear of reprisal. The City, Kelly, and Harris fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices

and incredible testimony go uncorrected. Additionally, the City, Kelly, and Harris have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City, Kelly, and Harris are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City, Kelly and Harris have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

31. The City, Kelly, and Harris have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

32. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City, Kelly, and Harris to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

33. Defendants the City, Kelly, and Harris have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

34. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City, Kelly, and Harris.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.  Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.  Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         May 5, 2008

TO:  New York City
     Corporation Counsel Office
     100 Church Street, 4th floor
     New York, NY 10007

     Police Commissioner Raymond W. Kelly
     1 Police Plaza
     Room 1406
     New York, NY 10006

     Commanding Officer Thomas Harris
     70TH Precinct
     154 Lawrence Avenue
     Brooklyn NY 11230

     Police Officer Michael B. Burke
     Shield No. 10389
     74th Precinct
     245 Glenmore Avenue
     Brooklyn, NY 11207

     Police Officer Brian F. Reilly
     Shield No. 5841
     Patrol Borough Brooklyn South Task Force
     2820 Snyder Avenue
     Brooklyn NY 11226

     Police Officer Valery Paulblanc
     Shield No. 21779
     154 Lawrence Avenue,
     Brooklyn, NY, 11230

Respectfully submitted,

*[signature]*

Stoll, Glickman & Bellina, LLP
By: Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-0507
lglickman@stollglickman.com